Brookfield v. Braintree.

KIMBALL, JEWETT & CO. v. GRANT SMITH AND SOLON SMITH.

If a creditor levy his execution upon premises incumbered by a mortgage, and the debt exceed the appraised value of the equity of redemption, he is nevertheless not bound to levy upon the entire interest of the debtor in the premises, but may levy, for a portion of his debt, upon an undivided part of the debtor's interest.

And it makes no difference, that the execution of another creditor, for a portion of the debt contained in his execution, is at the same time levied upon the residue of the debtor's interest in the premises, thus making the two creditors, who have no common interest in their executions, tenants in common of the entire equity of redemption.

EJECTMENT. Plea, the general issue, and trial by jury, June Term, 1848,—REDFIELD, J., presiding.

On trial, the plaintiffs, to prove title in themselves to the demanded premises, gave in evidence the levy of an execution thereon in their favor. It appeared, that the premises were subject to a mortgage, and that the debt, contained in the execution, was greater than the appraised value of the debtor's equity of redemption in the premises, and that the execution was levied, for a portion of the debt, upon an undivided portion of the debtor's interest in the entire premises. It also appeared, that another creditor of the same debtor, having an execution against him, levied his execution, for a portion of his debt, upon the residue of the debtor's interest in the premises. The defendants insisted, that the levy of the plaintiff's execution was defective and conveyed no title. The court overruled the objection and rendered judgment for the plaintiff. Exceptions by defendants.

S. Austin for defendants.

Parker for plaintiffs.

BY THE COURT. The objection, that this levy is not upon the land, but upon a mere abstraction, described as the debtor's equity of redemption, if it is understood by the court, is certainly not sound. The levy is upon the debtor's " right in equity of redeeming certain
57

premises," described by metes and bounds. It certainly does not occur to us, how the estate of the debtor *could be* more intelligibly described. This, is, so far as we know, the usual mode of describing such property, when levied upon.

The objection, that the levy makes different creditors tenants in common in the equity of redemption, and, in case the debtor redeems the premises by paying the debt to the mortgagee, that he, also, will become a tenant in common with them, is an objection, also, that applies to all levies upon the equity of redemption in mortgaged premises, where more than one creditor levies upon the same equity. It cannot be otherwise. A levy upon a portion of the equity, by metes and bounds, is invalid, as has often been held by this court; and when different creditors levy, it must be as tenants in common.

All that is peculiar in the case is, that only a portion of each execution is levied. But we see no objection to this, if the creditors so choose; but if levied upon land in fee, the levy of each execution must be upon a separate portion of land; by metes and bounds, as was held in this case at the last term. But here it could only be done in this mode; and if the creditors choose so to divide the estate between them, we see no objection.

Judgment affirmed.